IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR ARMANDO SARRES MENDOZA, A #072810778, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-4003 |
| LORIE DAVIS, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Oscar Armando Sarres Mendoza (A #072810778), also known as Oscar Armando (TDCJ #1361831), has filed a civil action under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning an incident that occurred while he was previously confined in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Because the plaintiff has not paid the filing fee, the court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the plaintiff's litigation history, the court will dismiss this case for the reasons explained briefly below.

The plaintiff is a Honduran national, who is currently in

custody of immigration officials awaiting his removal from the United States, following a criminal conviction for aggravated robbery with a deadly weapon.[1] While serving the prison sentence that he received in that case, the plaintiff claims that he was assaulted by multiple prisoners at the Wallace Unit and that prison officials failed to protect him from harm. See Complaint, Docket Entry No. 1, p. 2. Invoking 42 U.S.C. § 1983, the plaintiff sues TDCJ Director Lorie Davis and the "State Classification and [R]ecords Office" in connection with that incident. See id. at 2-4. He requests declaratory and injunctive relief as well as "900 Hundred Millions of Dollars" in compensatory damages. See id. at 1, 4.

A national case index reflects that, while incarcerated, the plaintiff has filed more than three other civil actions and an appeal in federal court that have been dismissed as frivolous, malicious, or for failure to state a claim. See Oscar Armando v. Guerrero, et al., Civil No. 1:13-0040 (N.D. Tex. Oct. 17, 2014); Oscar Armando v. William Stephens, et al., Civil No. 1:15-0093 (N.D. Tex. July 22, 2016); Oscar Armando v. William Stephens, et al., Civil No. 1:15-0181 (N.D. Tex. Aug. 3, 2015); Oscar Armando v. Lorie Davis, et al., Appeal No. 16-11178 (5th Cir. June 1, 2017);

---

[1] See Petition, Docket Entry No. 1, p. 28, in Mendoza v. Sessions, Civil No. H-18-3012 (S.D. Tex.); see also Mendoza v. State, No. 05-06-00582-CR, 2007 WL 1054166 (Tex. App. – Dallas April 10, 2007, no pet.).

and <u>Oscar Armando v. N.P. Tenorio et al.</u>, Civil No. 2:15-0270 (N.D. Tex. Oct. 28, 2015).[2]

A "prisoner" is not allowed to bring a civil action <u>in forma pauperis</u> in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Although the plaintiff clearly has more than three strikes against him, an immigration detainee is not considered a "prisoner" for purposes of § 1915(g). See <u>Ojo v. INS</u>, 106 F.3d 680, 683 (5th Cir. 1997). Because the plaintiff has not paid the filing fee, however, this case remains subject to the screening provisions found in 28 U.S.C. § 1915(e)(2)(B).

The plaintiff's litigation history reflects that the allegations lodged in the Complaint concerning the incident that occurred at the Wallace Unit have been litigated previously and dismissed with prejudice. See <u>Oscar Armando v. Guerrero, et al.</u>, Civil No. 1:13-0040 (N.D. Tex. Oct. 17, 2014). Subsequent attempts by the plaintiff to lodge these claims against Davis's predecessor, William Stephens, have also been dismissed as barred by limitations and res judicata. See <u>Oscar Armando v. William Stephens, et al.</u>,

---

[2]The plaintiff specifically references Civil No. 1:13-0040 in his pleadings. See Complaint, Docket Entry No. 1, p. 2. The court was able to attribute all of these cases to the plaintiff by matching his current and former prisoner identification numbers.

Civil No. 1:15-0093 (N.D. Tex. July 22, 2016); <u>Oscar Armando v. William Stephens, et al.</u>, Civil No. 1:15-0181 (N.D. Tex. Aug. 3, 2015).

A complaint is considered malicious for purposes 28 U.S.C. § 1915(e) if it duplicates allegations made in another federal lawsuit by the same plaintiff. See <u>Pittman v. Moore</u>, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). Because the plaintiff's pending Complaint attempts to lodge the same or similar claims that have been litigated previously and were dismissed with prejudice, the court concludes that this action is subject to dismissal as malicious. <u>See</u>, e.g., <u>Wilson v. Lynaugh</u>, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed <u>sua sponte</u>). For this reason, the Complaint will be dismissed with prejudice.

Accordingly, the court **ORDERS** as follows:

1. The civil rights action filed by the plaintiff, Oscar Armando Sarres Mendoza (A#072810778), is **DISMISSED** with prejudice as duplicative and malicious.

2. To the extent that the plaintiff requests leave to proceed in forma pauperis, that request is **DENIED.**

**The Clerk will provide a copy of this Memorandum Opinion and Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 25th day of October, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-4-